J-S52042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND BROWN | : | |
| | : | |
| Appellant | : | No. 1985 EDA 2018 |

Appeal from the PCRA Order Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013921-2011,
CP-51-CR-0013923-2011, CP-51-CR-0013924-2011

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 18, 2019**

Raymond Brown appeals from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal pursuant to **_Commonwealth v. Walker_**, 185 A.3d 969, 977 (Pa. 2018).

Brown filed the instant PCRA petition on January 31, 2017, addressing three trial court docket numbers. **_See_** PCRA Petition, filed 1/31/17 (listing docket numbers CP-51-CR-0013921-2011, CP-51-CR-0013923-2011, and CP-51-CR-0013924-2011).[1] The PCRA court appointed counsel who filed an

---

[1] CP-51-CR-0013921-2011 relates to the following convictions: unlawful restraint, 18 Pa.C.S.A. § 2902(a)(1); possessing instruments of crime, 18 Pa.C.S.A. § 907(a); terroristic threats, 18 Pa.C.S.A. § 2706(a)(1); recklessly endangering another person, 18 Pa.C.S.A. § 2705; false imprisonment, 18 Pa.C.S.A. § 2903(a); and aggravated assault, 18 Pa.C.S.A. § 2702(a). CP-51-CR-0013923-2011 and CP-51-CR-0013924-2011 relate to convictions for endangering welfare of children ("EWOC"), 18 Pa.C.S.A. § 4304(a)(1).

amended petition addressing the same three trial court docket numbers. *See* Amended Petition under Post-Conviction Relief Act, filed 9/28/17. PCRA counsel alleged, among other issues, ineffective assistance of trial counsel in "fail[ing] to preserve sufficiency of the attempt element and the sufficiency of simple assault, EWOC, and unlawful restraint elements." *Id.* at 7. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Brown did not respond to the notice and the court issued another order dismissing the PCRA petition, listing all three docket numbers. *See* Order, filed 6/29/18. This timely appeal followed.

Because Brown filed a single notice of appeal, listing all three docket numbers, this Court issued a rule to show cause why the appeal should not be quashed pursuant to *Walker*. In *Walker*, our Supreme Court stated that "when a single order resolves issues arising on more than one . . . docket, separate notices of appeal must be filed." 185 A.3d at 977. The Court directed that in subsequent cases, the failure to abide by this rule would result in the quashing of the appeal. *Id.* Here, Brown argues that quashal was not appropriate because "the order of the PCRA court does not resolve issues arising on more than one trial court docket." Response to Rule to Show Cause, filed 8/1/18, at ¶ 5. We disagree.

The order from which Brown appealed disposed of issues on more than one trial court docket, *i.e.*, ineffective assistance of counsel relating to docket numbers 13921, 13923, and 13924. Brown filed his notice of appeal after the Supreme Court's decision in *Walker*, and although the order resolved issues

on more than one docket, Brown filed a single notice of appeal, in violation of *Walker*. We therefore quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/19